IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHELE A. KOHAR, and )
MICHAEL J. KOHAR, )
)
    Plaintiffs, )
)
    v. )  Civil Action No. 15-1469
) Judge Nora Barry Fischer
WELLS FARGO BANK, N.A., et al., )
)
    Defendants. )

## MEMORANDUM OPINION

I.    BACKGROUND

This matter is related to lengthy state court foreclosure proceedings, *see e.g., ACT Properties, LLC v. Kohar*, No. 1388 WDA 2011, 2013 WL 11250753, at *1 (Pa. Super. Ct. Nov. 13, 2013), and extensive bankruptcy court proceedings, *see e.g., In re Kohar*, 525 B.R. 248 (W.D. Pa. Bankr. Jan. 7, 2015), in which Plaintiffs Michele and Michael Kohar have participated in an unsuccessful effort to avoid losing their former home in Ambridge, Beaver County, Pennsylvania.[1] In short, Plaintiffs ceased paying their mortgage in 2006 and foreclosure proceedings were initiated in 2007. *See ACT Properties*, 2013 WL 11250753, at *1. A default judgment was entered in 2011, with such judgment being affirmed by the Superior Court in 2013. *Id.* Throughout this timeframe, Plaintiffs initiated eight separate bankruptcy proceedings, with the final one being dismissed in 2015 at which time U.S. Bankruptcy Judge Thomas P. Agresti ratified the Sheriff's Sale of the property. *See In re Kohar*,

---

[1] The Court refrains from a lengthy exposition of the underlying facts of those matters as the parties are well familiar with them and said facts are otherwise set forth by the Superior Court and Bankruptcy Court in the decisions cited herein.

1

525 B.R. at 258-59. That sale had been completed in November of 2014 but was held up due to the last bankruptcy filing. *Id.* Ejectment proceedings followed and resulted in Plaintiffs being removed from the home on December 3, 2015. (Docket No. 52 at 3).

In this present federal court action, Plaintiffs have sued a number of entities and individuals with some connection to the foreclosure proceedings, asserting federal claims under the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.* and 42 U.S.C. § 1983. (Docket No. 8). For convenience, the Court will refer to the remaining Defendants[2] as the Wells Fargo Defendants[3]; the Tucker Arensberg Defendants[4]; KML Law Group; and the Beaver County Defendants.[5] They have also brought state law claims seeking to quiet title and alleging slander of title, (*id.*), and filed a Notice of Lis Pendens. (Docket No. 62). They seek monetary damages as well as declaratory and equitable relief as it concerns the title to the real estate. (Docket No. 8).

These claims have caused all of the Defendants to file motions to dismiss, (Docket Nos. 13, 18, 23, 41); the Wells Fargo Defendants, Tucker Arensberg Defendants and KML Law Group to file motions for sanctions against Plaintiffs and their counsel, (Docket Nos. 48, 51, 56); and the Wells Fargo Defendants to file a motion to strike the Notice of Lis Pendens, (Docket No. 73). Extensive briefing has been permitted, with Plaintiffs being granted numerous extensions of time to file

---

[2] On March 7, 2016, a Stipulation of Dismissal was entered as to Beneficial Consumer Discount Company. (Docket No. 91). Later, on March 28, 2016, the Court dismissed the claims against Act Properties, LLC, Central Money Mortgage Co., (IMC), Inc., IMC Mortgage Company, and Alliance Funding, A Division of Superior Bank FSB for failure to timely serve the Amended Complaint under Rule 4(m). (Docket No. 102).
[3] The Wells Fargo Defendants include: Wells Fargo Bank, N.A., not in its individual capacity but solely as Trustee for FMAC REMIC TRUST, Series 2009-09, ("WF 2009"); Wells Fargo Bank, N.A., not in its individual capacity but solely as Trustee for RMAC REMIC TRUST, Series 2010-A, ("WF 2010"); Wells Fargo Bank, N.A., ("Wells Fargo"); Rushmore Loan Management Services, LLC, ("Rushmore"); UBS Financial Services, Inc., ("UBS"); Laura Hadley, ("Hadley"); and Rose Lara, ("Lara").
[4] The Tucker Arensberg Defendants include: Tucker Arensberg, P.C., ("Tucker"); and Donna M. Donaher, ("Donaher").
[5] The Beaver County Defendants consist of: George J. David, Sheriff of the County of Beaver, State of

responses to the pending motions. (Docket Nos. 13, 15, 18, 19, 23, 24, 37, 38, 41, 42, 45, 47, 48, 49, 51, 52, 53, 55, 56, 57, 59, 60, 61, 65, 66, 68, 73, 74, 78, 80, 83, 84, 87, 92, 94, 96, 98). After careful consideration of all of the parties' submissions, and for the following reasons, the Court will: grant the motions to dismiss [13], [18], [23], [41], the federal causes of action and decline to exercise supplemental jurisdiction over the state law claims; grant the motion to strike [73] the Lis Pendens; and deny the motions for sanctions, [48], [51], [56], as premature and without prejudice. The Court also vacates its Order of March 18, 2016 [101] and cancels the previously scheduled hearing on these motions as it has concluded that they can be handled with dispatch through submission on the briefs.[6] *See* FED. R. CIV. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

II.     LEGAL STANDARDS

In their respective motions, the various moving Defendants invoke Rules 12(b)(5), and (b)(6) of the Federal Rules of Civil Procedure. Rule 12(b)(5) addresses insufficient service of process and Rule 12(b)(6) addresses claims that fail to state a cognizable cause of action.

A.     *Rule 12(b)(5)*

Pursuant to Rule 12(b)(5), the court may dismiss a case for "insufficiency of service of process." Fed. R. Civ. P. 12(b)(5). "The party asserting the validity of service bears the burden of proof on that issue." *Grand Enterainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). That party must do so by a preponderance of the evidence using affidavits,

---

Pennsylvania, ("David"); and Nancy Werme, individually and in her capacity as Prothonotary of the Court of Common Pleas of Beaver County, ("Werme").

[6]     Generally this Court appreciates oral argument. However, in this instance in preparing for same it became clear to the Court that oral argument would not add to the Court's analysis. Moreover the Court's schedule is constrained by the lack of active District Judges in this District. Hence, submission and ruling on briefs is appropriate here.

depositions, and oral testimony. *State Farm Mut. Auto. Ins. Co. v. Tz'doko V'Chesed of Klausenberg*, 543 F. Supp. 2d 424, 428 (E.D. Pa. 2008) (quoting *Villanova v. Solow*, Civil Action No. 97–6684, 1998 WL 643686, at *1 (E.D. Pa. Sept. 18, 1998)).

B.  Rule 12(b)(6)

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Eid v. Thompson*, 740 F.3d 118, 122 (3d Cir. 2014) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)); *see also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 791 (3d Cir. 2016). To survive a Rule 12(b)(6) challenge, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Although the Court must accept the allegations in the complaint as true, "[it is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In addition, merely pleading facts consistent with liability is not sufficient; the plaintiff must plead facts which permit the court to make a reasonable inference that defendant is liable. *Twombly*, 550 U.S. at 570.

Generally, a district court may not consider matters outside of the Complaint when ruling on a Rule 12(b)(6) motion to dismiss. "If, on a motion under Rule 12(b)(6)…, matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for

4

summary judgment under Rule 56." FED. R. CIV. P. 12(d). An exception to this rule exists whereby courts may consider, for Rule 12(b)(6) purposes: (i) exhibits that are attached to the complaint, (ii) matters of public record, and (iii) any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document. *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997); *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir.1993).

III.    DISCUSSION

The moving Defendants contest Plaintiffs' claims raising a host of different legal theories, all of which are opposed by Plaintiffs. Upon review of the pleadings and the parties' arguments in light of the above standards, the Court finds that it is clear that Defendants' motions to dismiss [13], [18], 23] and [41], Plaintiffs' federal claims under section 1983 and the FDCPA must be granted. Given the dismissal of the federal claims, and the fact that the parties to this lawsuit are not completely diverse, the Court will decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss them, without prejudice. *See* 28 U.S.C. § 1367(a). As this case will be closed, the motion to strike [73] the lis pendens providing notice of a pending lawsuit will also be granted. And, finally, given that the motions for sanctions rely upon the alleged lack of merit of the underlying claims, [48], [51], [56], and the state law claims have been dismissed, without prejudice, the Court will dismiss the sanctions motions, without prejudice, to Defendants raising the state law equivalent to Rule 11 if the claims are refiled in state court. The Court now briefly turns to its analysis of the federal claims, starting with the section 1983 claim and focusing on the legal theories pursuant to which dismissal is appropriate.

In this Court's estimation, the section 1983 claim asserted against the Beaver County Defendants, i.e., the Prothonotary Werme and Sheriff David, must be dismissed under Rule 12(b)(5) and, alternatively, Rule 12(b)(6). As to the Rule 12(b)(5) challenge, the Beaver County Defendants argue that a copy of the complaint in this case was mailed to the Beaver County Courthouse, without the required notice, waiver of service forms and prepaid return mechanism required by Rule 4(d), and that they have never been personally served with process. (Docket No. 42 at 18). Plaintiffs respond stating only that "[i]sufficient service of process is not a defense under Rule 12(b)(6)," (Docket No. 68 at 8), totally ignoring the invocation of Rule 12(b)(5) by the Beaver County Defendants and the fact that it is their own burden to demonstrate the propriety of service by a preponderance of the evidence. *See Grand Enterainment Group, Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993). Further, there is no evidence before this Court that the Beaver County Defendants have been properly served or waived service. (*See generally* Docket Report 15-1469). Hence, their objections to service of process under Rule 12(b)(5) must be sustained, resulting in the claims against them being dismissed.

Likewise, Plaintiffs have failed to respond to the well-taken arguments by the Beaver County Defendants that they are entitled to quasi-judicial immunity arising from their performance of their duties as Prothonotary and Sheriff, respectively, in connection with the processing of the mortgage foreclosure action, Sheriff's Deed, writ of execution, and recording of same, and that the Prothonotary is otherwise entitled to Eleventh Amendment Immunity as a part of the Court of Common Pleas. *See e.g., Addlespurger v. Corbett*, 461 F. App'x 82 (3d Cir. 2012) (sheriff entitled to quasi-judicial immunity); *Malcomb v. Beaver County Pennsylvania (Prothonotary)*, 616 F. App'x 44, 45 (3d Cir. 2015) (prothonotary entitled to immunity from suit). Finally, Plaintiffs have also not

challenged the alternative arguments for dismissal raised by the Beaver County Defendants that they have not stated a plausible claim for relief under § 1983, and reviewing their well-supported brief, dismissal is also appropriate on this basis. (*See* Docket No. 68 at 8-9 (addressing the FDCPA and slander of title claims but making no mention of § 1983)). Accordingly, the Beaver County Defendants' motion to dismiss [41] will be granted and Count II will be dismissed.

It is also this Court's opinion that the FDCPA claim that Plaintiffs have brought against the Wells Fargo Defendants, the Tucker Arensberg Defendants and KML Law Group must be dismissed pursuant to Rule 12(b)(6).[7] (*See* Docket Nos. 15, 19, 24). Once again, Plaintiffs have offered little, if any, opposition to the statute of limitations defense raised by these Defendants to the FDCPA claim. (*See e.g.*, Docket Nos. 60 at 8-9; 66). A statute of limitations defense may be sustained via a Rule 12(b)(6) Motion if the defense is clear on the face of the complaint, as it is here. *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002). The Court of Appeals and numerous District Courts have recognized that the one year statute of limitations associated with the FDCPA commences upon the invocation of the underlying foreclosure litigation and is not generally saved by the continuing litigation doctrine. *See e.g., Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 131 (3d Cir. 2009) (declining to extend the continuing violation doctrine when the plaintiffs "offer[ed] no support for their contention that participation in ongoing debt collection litigation qualifies as a 'continuing violation' of the FDCPA"); *Parker v. Nationstar Mortgage LLC*, No. 2:15-CV-874-NBF, 2015 WL 6472223, at *6 (W.D. Pa. Oct. 27, 2015) (Fischer, J); *Amelio v. McCabe, Weisberg & Conway, P.C*, No. CIV.A. 14-1611, 2015 WL 4545299, at *5 (W.D. Pa. July 28, 2015) (Conti, C.J.) ("Mere participation in ongoing debt collection litigation does not constitute a continuing violation of the

FDCPA."). Hence, the statute of limitations bars the FDCPA claim challenging the Defendants' conduct throughout the foreclosure litigation which was commenced in 2007 and Defendants' continued participation in that litigation through the related Sheriff's Sale and ejectment proceedings, do not toll the limitations period. *See id.*

Beyond the obvious limitations defense, there is a paucity of factual allegations provided by Plaintiffs describing the alleged conduct of these defendants, i.e., the "who, what, where, why and when," such that dismissal is otherwise appropriate because Plaintiffs have not stated a plausible claim under the FDCPA. *See Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (The FDCPA requires Plaintiffs to allege that: "(1) [plaintiff] is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt."). At most, this pleading sets forth allegations arising from the actions undertaken by these Defendants to collect a debt during the state foreclosure proceedings but there are no specific allegations against these Defendants which would suggest that their behavior should separate the debt collection claim from those proceedings. (*See* Docket No. 8). Rather, Plaintiffs have merely parroted statutory language, and the elements of the claim without any supporting factual allegations and their responsive briefs take the same approach. (*Id.*). Again, the Amended Complaint does not provide dates upon which these Defendants individually engaged in specific conduct in violation of the FDCPA, leading to the well-supported and effectively unchallenged conclusion that the claim is untimely and barred by the limitations defense. (*Id.*).

---

[7] The Court notes that KML Law Group initially moved to dismiss under Rule 12(b)(5), that aspect of the motion is moot, given that it subsequently waived service. (*See* Docket No. 40).

In their responsive briefs, Plaintiffs summarily state in a footnote that the Court should grant them leave to amend if it determines that dismissal of their claims is appropriate. (Docket Nos. 60, 61, 66, 68). They have not, however, supported such position with a proposed second amended complaint or any factual proffers in their briefs providing additional facts upon which their claims rely, despite being afforded several months to articulate their position to this Court. (*See id.*). These types of requests are insufficient under the prevailing law in this Circuit. To this end, a "bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought ...—does not constitute a motion within the contemplation of Rule 15(a)." *U.S. ex rel. Zizic v. Q2Administrators, LLC*, 728 F.3d 228, 243 (3d Cir. 2013) (quoting *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1280 (D.C. Cir. 1994) (quotation omitted)). Further, "the failure to submit a draft amended complaint 'is fatal to a request for leave to amend.'" *McWreath v. Range Res. - Appalachia, LLC*, No. 15-1371, --- F. App'x ----, 2016 WL 1212429, at *5 (3d Cir. Mar. 29, 2016) (quoting *Zizic*, 728 F.3d at 243) (additional quotation omitted). Finally, leave to amend may be denied if an amendment would be futile such as in the present situation where the claims are barred by the statute of limitations or immunity of the defendants. *See Cowell v. Palmer Twp.*, 263 F.3d 286, 296 (3d Cir. 2001) (holding that district court did not abuse its discretion in denying leave to amend where additional factual allegations in plaintiff's memorandum in opposition would not have overcome the statute of limitations). Accordingly, Plaintiffs' informal and unsupported requests seeking leave to amend are denied.

Moving on, in light of the dismissal of all of the federal claims set forth in the Amended Complaint, the Court declines to exercise supplemental jurisdiction over the state law claims. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a

claim under subsection (a) if … (3) the district court has dismissed all claims over which it has original jurisdiction."). Thus, Plaintiffs' slander of title, quiet title and injunctive relief claims at Counts III, IV and V of the Amended Complaint arising under Pennsylvania law are dismissed, without prejudice. Similarly, the Motion to Strike the Notice of Lis Pendens is granted, as this case is now closed by virtue of the dismissal of all of Plaintiff's claims. *See e.g., Robinson v. Porges*, 382 F. App'x 133, 135, n.2 (3d Cir. 2010) (within the Court's discretion to deny lis pendens when complaint is dismissed).

The Court next denies, without prejudice, the motions for sanctions under Rule 11 filed by the Wells Fargo Defendants, the Tucker Arensberg Defendants, and KML Law Group. (Docket Nos. 48, 51, 56). Essentially, these motions seek financial sanctions against Plaintiffs and their counsel under Rule 11 for initiating this litigation for improper purposes and for pursuing unmeritorious FDCPA, slander of title and quiet title claims against them. *See* FED. R. CIV. P. 11(b). As detailed above, the Court has ruled that the FDCPA claims against these Defendants are barred by the applicable statute of limitations and otherwise fail but declined to address the merits of the slander of title, quiet title related injunctive relief claims, which have been dismissed, without prejudice, to being refiled in state court. The Court will likewise decline to entertain the sanctions motions challenging the merits of the state law claims that have been dismissed, without prejudice. To the extent that Plaintiffs elect to refile their slander of title and quiet title claims in state court, Defendants may renew their pursuit of sanctions in accordance with the analogous Pennsylvania laws governing such claims. *See Morris v. DiPaolo*, 930 A.2d 500, 501 (Pa. Super. Ct. 2007) ("F.R.C.P., Rule 11 is analogous to Pa.R.C.P., Rule 1023.1–1023.4, 42 Pa. Cons. Stat. Ann. Both rules provide for, *inter alia*, sanctions for legal pleadings filed in bad faith.").

With respect to any sanctions tied to the FDCPA claims, the Court notes that "the mere failure of a complaint to withstand a motion for summary judgment or a motion to dismiss should not be thought to establish a rule violation." *Simmerman v. Corino*, 27 F.3d 58, 62 (3d Cir. 1994); *cf. Tegg Corp. v. Beckstrom Elec. Co.*, 2008 WL 5216169, at *5 (W.D. Pa. Dec. 10, 2008) (quoting same). In addition, the motions for sanctions are overbroad in that they do not sufficiently delineate between which provisions of Rule 11(b) were violated by Plaintiffs or their counsel and Rule 11(c)(5) expressly precludes the Court from imposing sanctions against Plaintiffs individually for a violation of Rule 11(b)(2) requiring that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." *See* FED. R. CIV. P. 11(c)(5)(A) ("The court must not impose a monetary sanction ... against a represented party for violating Rule 11(b)(2)."). The Court of Appeals has also held that due process considerations demand that a party and/or attorney to whom a motion for sanctions is directed must have both particularized notice of the specific legal theory under which sanctions are advanced and an opportunity to be heard. *See e.g., Jones v. Pittsburgh Nat. Corp.*, 899 F.2d 1350, 1357 (3d Cir. 1990). Given that the notice provided lacks specificity and this matter will now be closed, sanctions challenging the merits of the FDCPA claim are inappropriate.

IV. CONCLUSION

Based on the foregoing, the Court grants all of the Defendants' motions to dismiss [13], [18], [23], [41]; grants the Wells Fargo Defendants' motion to strike the lis pendens [73]; and, denies the motions for sanctions, [48], [51], [56], without prejudice. Counts I and II of Plaintiffs' Amended

11

Complaint are dismissed, with prejudice, and Counts III, IV and VI are dismissed, without prejudice.

An appropriate Order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: April 13, 2016.

cc/ecf: All Counsel of Record